ATTORNEY GENERAL HENRY HAS ASKED ME TO REVIEW YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION REGARDING 62 O.S. 371 [62-371] (1981). YOUR QUESTION CONCERNS WHETHER THAT STATUTE IS VIOLATE WHERE A CITY COUNCILMAN IS A SALARIED EMPLOYEE OF A NON-PROFIT CORPORATION WHICH, WE ASSUME, WISHES TO LEASE REAL PROPERTY FROM A CITY WHICH THE SALARIED EMPLOYEE SERVES AS A CITY COUNCILMAN. BECAUSE YOUR QUESTION CAN BE ANSWERED BASED ON PRIOR ATTORNEY GENERAL OPINIONS, IT DOES NOT APPEAR NECESSARY TO ISSUE A FORMAL RESPONSE TO YOUR REQUEST AT THIS TIME IN ATTORNEY GENERAL OPINION NO. 74-181, IT WAS HELD THAT A BOARD OF EDUCATION COULD NOT LAWFULLY PURCHASE MATERIALS AND SUPPLIES FROM A FIRM OR COMPANY WHICH EMPLOYEES ONE OF THE BOARD MEMBERS. THIS RESULT WAS BASE IN PART ON 62 O.S. 371 [62-371], CITE ABOVE, WHICH PROHIBITS NOT ONLY A SCHOOL BOARD, BUT A CITY COUNCIL, FROM CONTRACTING WITH ANY OF ITS MEMBERS WHERE SUCH MEMBER HAS A DIRECT OR INDIRECT INTEREST IN SUCH CONTRACT. SUCH WAS ALSO THE HOLDING IN A. . OPIN. NO. 77-167, ENCLOSED. THE LANGUAGE OF 371 MAKES NO EXCEPTION WHERE THE CORPORATION WITH WHICH THE SCHOOL BOARD WISHES TO CONTRACT IS A NON-PROFIT CORPORATION AS DESCRIBED IN YOUR QUESTION. (CONFLICT OF INTEREST) (SUSAN BRIMER LOVING)